# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-1467-HE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Michael Wallace brought this action for judicial review of the Social Security Administration's decision denying him disability insurance benefits. The matter was referred to U.S. Magistrate Judge Charles Goodwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed.R.Civ.P. 72(b).

Judge Goodwin has submitted a Report and Recommendation recommending that the Commissioner's decision be reversed and the case remanded. The Commissioner has filed an objection to the Report, which triggers *de novo* review of the issues to which objection is made.

## Background

Plaintiff applied for disability benefits in 2013. He sought benefits for the period from August 6, 2001, the alleged onset date of his disability, through December 31, 2005, the last date on which he met the insured status requirement under the Social Security Act. The Commissioner denied the application and plaintiff then requested a hearing before an

Administrative Law Judge ("ALJ"). Plaintiff testified at the hearing, as did a vocational expert.

The ALJ employed the customary five step sequential analysis. 20 C.F.R. § 416.920. He concluded at steps two and three that, during the pertinent period, plaintiff had severe impairments of dysfunction of major joints, including osteoarthrosis and related disorders, but that they were not severe enough to meet the listings for presumptive disability. He then proceeded to make the step four determination of residual functional capacity ("RFC"), concluding that plaintiff had the capacity to perform light work but subject to the further limitations that "plaintiff should not lift below 18 inches from the floor, perform kneeling, squatting, crawling or ladder climbing." Administrative Record ("Record") at 14. The ALJ than concluded, at step five, that there was a significant number of jobs in the national economy that someone with plaintiff's background and RFC could perform, and that he therefore did not qualify as disabled during the pertinent time period.

Plaintiff sought review here. Among other things, he argued that the ALJ erred by failing to include a one-hour walking limitation in the RFC determination as suggested by the opinion of Dr. Williams. The ALJ had noted Dr. Williams' opinion but did not explain why he failed to include that particular restriction.

The Magistrate Judge concluded the failure to address Dr. Williams' suggested limitation was error, and that it was not harmless. Accordingly, the Report recommended that the Commissioner's decision be reversed and remanded for further proceedings. The Commissioner has objected in part to the Report, arguing that any error was harmless in the present circumstances.

2

## Analysis

The concept of harmless error applies in social security disability cases. <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004). An ALJ's error may be viewed as harmless "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id*. In making that determination, a reviewing court must exercise common sense but need not insist on technical perfection. *Id.*

Here, it is clear that the ALJ was aware of Dr. Williams' suggested limitation and mentioned it in his order, but did not include in the order any discussion of why the particular limitation was not adopted. Essentially, the Commissioner argues the omission did not matter, and was harmless, because the record clearly shows there was a significant number of jobs available in the economy even if the RFC had included the walking limitation.

The ALJ addressed various hypothetical questions to the vocational expert based on plaintiff's condition and history. One hypothetical addressed an RFC for light work which did not require plaintiff to lift below 18 inches from the floor or kneel, squat, crawl or climb ladders. The vocational expert identified the job of ticket seller as one meeting that assumed RFC and testified there were 348,000 such positions in the national economy at the pertinent time. A different hypothetical involved light work but was limited to an individual who could stand or walk only one hour per day. As to that question, the vocational expert again identified the ticket seller job as one meeting the assumed RFC and

further testified that at least half of the available jobs identified in the first hypothetical would still be available even with the additional limiting factor. The result is that although neither hypothetical, by itself, embraced all the limitations arguably applicable (i.e. the RFC explicitly identified in the Order plus Dr. Williams' walking limitation), the evidence at the hearing did do so. There appears to be no dispute, based on the VE's testimony, that even <u>with</u> the additional limitation of walking there were at least 174,000 ticket seller jobs available in the national economy. So the question becomes whether that number of jobs is significant enough to warrant a conclusion of harmless error here.

The relevant test at step five in a disability case is whether a significant number of jobs exist in the regional or national economy. <u>Raymond v. Astrue</u>, 621 F.3d 1269, 1274 n. 2 (10th Cir. 2009). There is no bright line rule for determining what constitutes a significant number. <u>Allen</u>, 357 F.3d at 1145. However, in somewhat similar circumstances to those involved here, the Tenth Circuit concluded that 11,000 regional and 152,000 national jobs qualified as significant in number and were a sufficient basis for a conclusion of harmless error. <u>Stokes v. Astrue</u>, 274 Fed. Appx. 675, 684 (10th Cir. 2008). The evidence here indicated that the number of national jobs available was higher than that.[1] The court concludes that the undisputed evidence before the ALJ established that significant jobs were available in the economy even employing a more limited RFC

---

[1] *The number of regional jobs indicated by the evidence here, 2050, is less than the parallel number in <u>Stokes</u>, but a court may look to "either jobs in the regional economy or jobs in the national economy." <u>Raymond v. Astrue</u>, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009).*

4

definition incorporating Dr. Williams' additional limitation, and that a reasonable factfinder would not conclude otherwise.

It is true, as the Report correctly observed, that no single hypothetical posed to the VE by the ALJ fully embraced all the limitations that are pertinent here. And the court is mindful of the need to avoid making factual or other determinations that should have been explicitly made, in the first instance, by the ALJ. However, in the circumstances existing here, where it is clear the ALJ was aware of and considered Dr. Williams' opinion, the ALJ posed questions and received testimony embracing that opinion and the proper RFC determination, and the record plainly supports the conclusion that significant jobs were available in the economy under the even more restrictive RFC determination, the court concludes the ALJ's error in not explicitly incorporating Dr. Williams' limitation (or explaining why he declined to do so) was harmless.

## Conclusion

As the ALJ's error was harmless under the particular circumstances of this case, the court declines to adopt the report and recommendation [Doc. #17]. The decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE